FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 23, 2022

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MAUREEN P.,[1] | No. 1:20-cv-03240-MKD |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | ECF Nos. 15, 16 |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 15, 16. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court denies Plaintiff's motion, ECF No. 15, and grants Defendant's motion, ECF No. 16.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

1

## JURISDICTION

2      The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g);

3  1383(c)(3).

4

## STANDARD OF REVIEW

5      A district court's review of a final decision of the Commissioner of Social

6  Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

7  limited; the Commissioner's decision will be disturbed "only if it is not supported

8  by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

9  1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a

10  reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159

11  (quotation and citation omitted).  Stated differently, substantial evidence equates to

12  "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and

13  citation omitted).  In determining whether the standard has been satisfied, a

14  reviewing court must consider the entire record as a whole rather than searching

15  for supporting evidence in isolation.  *Id.*

16      In reviewing a denial of benefits, a district court may not substitute its

17  judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152,

18  1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

19  rational interpretation, [the court] must uphold the ALJ's findings if they are

20  supported by inferences reasonably drawn from the record."  *Molina v. Astrue,* 674

ORDER - 2

F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§ 404.1502(a), 416.920(a).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§

ORDER - 3

404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

ORDER - 4

1    If the severity of the claimant's impairment does not meet or exceed the

2    severity of the enumerated impairments, the Commissioner must pause to assess

3    the claimant's "residual functional capacity."  Residual functional capacity (RFC),

4    defined generally as the claimant's ability to perform physical and mental work

5    activities on a sustained basis despite his or her limitations, 20 C.F.R. §§

6    404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the

7    analysis.

8    At step four, the Commissioner considers whether, in view of the claimant's

9    RFC, the claimant is capable of performing work that he or she has performed in

10   the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

11   If the claimant is capable of performing past relevant work, the Commissioner

12   must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).

13   If the claimant is incapable of performing such work, the analysis proceeds to step

14   five.

15   At step five, the Commissioner considers whether, in view of the claimant's

16   RFC, the claimant is capable of performing other work in the national economy.

17   20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination,

18   the Commissioner must also consider vocational factors such as the claimant's age,

19   education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

20   416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the

ORDER - 5

1  Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

2  404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other

3  work, analysis concludes with a finding that the claimant is disabled and is

4  therefore entitled to benefits.  *Id.*

5      The claimant bears the burden of proof at steps one through four above.

6  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

7  step five, the burden shifts to the Commissioner to establish that 1) the claimant is

8  capable of performing other work; and 2) such work "exists in significant numbers

9  in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v.*

10 *Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

11                              **ALJ'S FINDINGS**

12      On May 10, 2018, Plaintiff applied both for Title II disability insurance

13 benefits and Title XVI supplemental security income benefits alleging a disability

14 onset date of February 28, 2017.[2]  Tr. 15, 54-55, 180-84, 186-95.  The applications

15 were denied initially and on reconsideration.  Tr. 108-16, 119-32.  Plaintiff

16

17  _____

18 [2] At the hearing, Plaintiff amended her alleged onset date to October 1, 2017, to

19 coincide with the end of her employment.  Tr. 42.  However, the ALJ does not

20 address the amended alleged onset date in the decision.

ORDER - 6

appeared before an administrative law judge (ALJ) on May 22, 2020.  Tr. 31-53.

On June 12, 2020, the ALJ denied Plaintiff's claim.  Tr. 12-30.

At step one of the sequential evaluation process, the ALJ found Plaintiff, who met the insured status requirements through December 31, 2022, has not engaged in substantial gainful activity since February 28, 2017, but then also stated Plaintiff engaged in substantial gainful activity during the second quarter of 2017. Tr. 17-18.  Although there was a period of substantial gainful activity, the ALJ found there was a period greater than 12 months during which Plaintiff did not engage in substantial gainful activity, and thus the ALJ continued to step two.  *Id.* At step two, the ALJ found that Plaintiff has the following severe impairments: depression, bipolar, and schizoaffective disorder.  Tr. 18.

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  *Id.*  The ALJ then concluded that Plaintiff has the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations:

> [Plaintiff] is limited to simple, routine tasks of no more than reasoning level 2.  [Plaintiff] can occasionally and superficially interact with coworkers and the public.  She should not use public transportation as part of the job.

Tr. 20.

ORDER - 7

At step four, the ALJ found Plaintiff is unable to perform any of her past relevant work.  Tr. 23.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as laundry worker, industrial cleaner, and labeler.  Tr. 25.  Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date of February 28, 2017, through the date of the decision.  *Id.*

On October 20, 2020, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. § 1383(c)(3).

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act.  Plaintiff raises the following issues for review:

1.  Whether the ALJ properly evaluated Plaintiff's symptom claims;

2.  Whether the ALJ properly evaluated the medical opinion evidence; and

3.  Whether the ALJ properly evaluated lay witness evidence.

ECF No. 15 at 2.

ORDER - 8

1

**DISCUSSION**

2

**A. Plaintiff's Symptom Claims**

3      Plaintiff faults the ALJ for failing to rely on reasons that were clear and

4  convincing in discrediting her symptom claims.  ECF No. 15 at 7-15.  An ALJ

5  engages in a two-step analysis to determine whether to discount a claimant's

6  testimony regarding subjective symptoms.  SSR 16–3p, 2016 WL 1119029, at *2.

7  "First, the ALJ must determine whether there is objective medical evidence of an

8  underlying impairment which could reasonably be expected to produce the pain or

9  other symptoms alleged."  *Molina*, 674 F.3d at 1112 (quotation marks omitted).

10  "The claimant is not required to show that [the claimant's] impairment could

11  reasonably be expected to cause the severity of the symptom [the claimant] has

12  alleged; [the claimant] need only show that it could reasonably have caused some

13  degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

14      Second, "[i]f the claimant meets the first test and there is no evidence of

15  malingering, the ALJ can only reject the claimant's testimony about the severity of

16  the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

17  rejection."  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

18  omitted).  General findings are insufficient; rather, the ALJ must identify what

19  symptom claims are being discounted and what evidence undermines these claims.

20  *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Thomas v.*

1    *Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently

2    explain why it discounted claimant's symptom claims)).  "The clear and

3    convincing [evidence] standard is the most demanding required in Social Security

4    cases."  *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v.*

5    *Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

6         Factors to be considered in evaluating the intensity, persistence, and limiting

7    effects of a claimant's symptoms include: 1) daily activities; 2) the location,

8    duration, frequency, and intensity of pain or other symptoms; 3) factors that

9    precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and

10   side effects of any medication an individual takes or has taken to alleviate pain or

11   other symptoms; 5) treatment, other than medication, an individual receives or has

12   received for relief of pain or other symptoms; 6) any measures other than treatment

13   an individual uses or has used to relieve pain or other symptoms; and 7) any other

14   factors concerning an individual's functional limitations and restrictions due to

15   pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §§

16   404.1529(c), 416.929(c).  The ALJ is instructed to "consider all of the evidence in

17   an individual's record," to "determine how symptoms limit ability to perform

18   work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

19        The ALJ found that Plaintiff's medically determinable impairments could

20   reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's

ORDER - 10

statements concerning the intensity, persistence, and limiting effects of her

symptoms were not entirely consistent with the evidence.  Tr. 21.

### 1. *Work History*

The ALJ found Plaintiff's work history was inconsistent with her symptom

allegations.  *Id*.  Working with an impairment supports a conclusion that the

impairment is not disabling.  *See Drouin v. Sullivan*, 966 F.2d 1255, 1258 (9th Cir.

1992); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir.

2009) (seeking work despite impairment supports inference that impairment is not

disabling).  The ALJ noted that Plaintiff worked after her alleged onset date.  Tr.

21.  Plaintiff worked at Wal-Mart in 2017 at levels below substantial gainful

activity in the first, third, and fourth quarter, and earned above the substantial

gainful activity threshold in the second quarter.  Tr. 17-18, 204.  Plaintiff began

working at Wal-Mart in 2016 and sustained the job for over a year.  Tr. 202.

However, Plaintiff amended her alleged onset date to October 1, 2017, when she

reported her work ceased.  Tr. 42.  The ALJ failed to address the amended alleged

onset date in the decision.  The ALJ also noted Plaintiff reported she worked until

2018, Tr. 20, however the ALJ acknowledged that Plaintiff had difficulty recalling

her employment dates, Tr. 21, and there are no earnings in 2018, Tr. 196, 202, 204.

Defendant does not defend the ALJ's reasoning, and thus appears to concede the

ALJ erred.  *See* ECF No. 16 at 3-7.  However, any error in the ALJ's consideration

of Plaintiff's work is harmless, as the ALJ offered other supported reasons to reject

Plaintiff's symptom claims, as discussed *infra*. *See Molina,* 674 F.3d at 1115.

    *2.  Treatment Noncompliance*

    The ALJ found Plaintiff's symptom claims were inconsistent with her

noncompliance with treatment.  Tr. 21-22.  Unexplained, or inadequately

explained, failure to seek treatment or follow a prescribed course of treatment may

serve as a basis to discount the claimant's reported symptoms, unless there is a

good reason for the failure.  *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007).

    The ALJ found that Plaintiff went long periods without medication, and

there were no explanations as to why she ceased taking the medication.  Tr. 21.

The ALJ noted Plaintiff's reported increase in symptoms at times coincided with

her lack of medication compliance.  Tr. 21-22 (citing Tr. 326, 336).  Plaintiff

reported moving to Yakima eight months prior to an August 2018 appointment, but

did not offer a reason why she had not established care sooner.  Tr. 326.  In

November 2018, Plaintiff reported she had been prescribed lithium but was not

taking it.  Tr. 336.  Plaintiff reported having traveled between California and

Yakima due to a death in the family, resulting in her only taking the medication for

three days.  Tr. 335.  Plaintiff argues the ALJ erred in considering her treatment

noncompliance, but Plaintiff does not offer an explanation as to why she did not

seek care for eight months.  ECF No. 15 at 9.  Although Plaintiff noted she had

side effects with Lithium when she took it prior to August 2018, Tr. 326, she agreed to restart it, Tr. 335, and later began taking different medications, Tr. 550.

On this record, the ALJ reasonably found Plaintiff's symptom claims were inconsistent with the unexplained eight-month gap in treatment, and Plaintiff's periods of not taking mental health medications.  This was a clear and convincing reason, supported by substantial evidence, to reject Plaintiff's symptom claims.

### 3.  Improvement with Treatment

The ALJ found Plaintiff's improvement with treatment was inconsistent with her allegations.  Tr. 21-22.  The effectiveness of treatment is a relevant factor in determining the severity of a claimant's symptoms.  20 C.F.R. §§ 404.1529(c)(3), 416.913(c)(3); *see Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (a favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations).

The ALJ noted that during periods when Plaintiff was not taking medication, she reported increased symptoms.  Tr. 21-22.  When engaging in treatment, Plaintiff reported medications were effective in managing her depression.  Tr. 21 (citing Tr. 652).  Plaintiff argues the record does not demonstrate that she had improvement with treatment, and she required multiple adjustments to her medications.  ECF No. 15 at 9.  Plaintiff reported that Seroquel helped improve her

ORDER - 13

sleep.  Tr. 550.  In May 2019, Plaintiff reported improvement in her anxiety with

medication.  Tr. 574.  Despite reports of some continued symptoms, Plaintiff

reported her symptoms were manageable in October 2019.  Tr. 609.  Plaintiff

reported improvement in her energy after beginning to take iron and vitamin D, Tr.

609, and decreased symptoms of depression, likely due to the vitamin D

supplement, Tr. 622, and she reported continuing improvement in her energy and

motivation in January 2020, *id*.  In February 2020, Plaintiff reported decreasing

racing thoughts, and improvement in focus and concentration.  Tr. 633.  Plaintiff

also reported improvement in her mood with activities including meditation.  Tr.

652.

Plaintiff argues that when she had improvement in some symptoms, such as

improved sleep or anxiety, she had worsening of other symptoms such as her

mania or depression.  ECF No. 15 (citing Tr. 550, 564, 573, 592, 633).  At the

visits where Plaintiff reported ongoing or worsening of some symptoms, with

improvement in other symptoms, Plaintiff had largely normal mental status

examinations, including normal appearance, language, mood, thoughts, cognition,

and insight/judgment, though she had some occasional abnormalities, including

pressured or soft speech, fair eye contact, neutral mood, and distractible attention.

Tr. 552-53, 566-67, 575-76, 594, 635-36.  On one occasion in a cited record,

Plaintiff had ideas of reference and was mildly tangential.  Tr. 636.  Plaintiff also

ORDER - 14

reported her well-being improved from 30 out of 100 to 70 out of 100 in 2019. Tr. 550, 564.

Despite some documented abnormalities, the ALJ reasonably found that Plaintiff's improvement with treatment is inconsistent with her symptom claims. While Plaintiff argues the ALJ only cited to a single record that documented her improvement with treatment, ECF No. 15 at 11-12, the ALJ's decision as a whole considered the objective evidence, including Plaintiff's generally normal mental status examinations, and her improvement with treatment. Tr. 19-23; *see Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) ("it is proper to read the ALJ's decision as a whole.") This was a clear and convincing reason, supported by substantial evidence, to reject Plaintiff's symptom claims.

### 4. Inconsistent with the Longitudinal Record

The ALJ found Plaintiff's symptom claims were inconsistent with the longitudinal record. Tr. 21-22. An ALJ may reject limitations "unsupported by the record as a whole." *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2003). An ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch*, 400 F.3d at 680. However, the

objective medical evidence is a relevant factor, along with the medical source's

information about the claimant's pain or other symptoms, in determining the

severity of a claimant's symptoms and their disabling effects. *Rollins*, 261 F.3d at

857; 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2).

The ALJ noted that Plaintiff had more significant symptoms in 2016, which

is prior to her alleged onset date, and Plaintiff was able to return to working for

over a year. Tr. 20. During the relevant period, Plaintiff alleged ongoing issues

with hallucinations, delusions, paranoia, and ideas of references, but the ALJ found

the medical records do not document any significant psychotic symptoms. Tr. 21-

22 (citing, e.g., Tr. 322, 338, 550, 564, 573, 592). Plaintiff generally had normal

mental status examinations and minimal documentation of psychological

abnormalities. Tr. 22 (citing, e.g., 332, 342, 358, 363, 507, 527, 535). As

discussed *supra,* the medical records demonstrate some improvement in Plaintiff's

symptoms with treatment. Tr. 21-22.

Plaintiff argues the longitudinal record is not inconsistent with her

allegations but cites only to two appointments that reference signs of psychosis on

examination, and two times when Plaintiff reported hallucinations at night;

Plaintiff further argues that even if her hallucinations improved, her symptoms of

depression, anxiety, and mania continued. ECF No. 15 at 11-12 (citing Tr. 321,

334, 625, 636). One of the cited records notes Plaintiff reported auditory

ORDER - 16

hallucinations at night, but Plaintiff stated they may be dreams.  Tr. 335 (cited as Tr. 334 by Plaintiff).  The ALJ's finding that there is minimal objective evidence of Plaintiff's reported psychotic symptoms is supported by substantial evidence. Further, there is evidence of Plaintiff's improvement with treatment, as discussed *supra.*  Plaintiff argues the record as a whole demonstrates more than minimal psychiatric abnormalities.  ECF No. 15 at 14 (citing Tr. 552, 566, 575, 594, 612, 625, 636, 654).  The records cited by the ALJ include some objective observations of abnormalities, such as a neutral mood and appearing easily distracted.  Tr. 550, 573.  However, the abnormalities in the records, including those cited by Plaintiff, are largely Plaintiff's self-report, such as reports of ongoing impaired concentration, impaired sleep, and agitation/irritability.  Tr. 564, 574.  At the visits where Plaintiff reported ongoing symptoms, she continued to have largely normal mental status examinations, with minimal abnormalities, including pressured speech and distractible attention.  Tr. 552-53, 566-67, 575-76.

On this record, the ALJ reasonably concluded that Plaintiff's symptom claims were inconsistent with the longitudinal record.  This finding is supported by substantial evidence and was a clear and convincing reason, along with the other reasons offered, to discount Plaintiff's symptom complaints.  Plaintiff is not entitled to remand on these grounds.

**B. Medical Opinion Evidence**

Plaintiff contends the ALJ erred in his consideration of the opinions of Tasmyn Bowes Psy.D.; K. Mansfield-Blair, Ph.D.; Jan Lewis, Ph.D.; and Jerry Gardner, Ph.D.  ECF No. 15 at 14-19.

As an initial matter, for claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence.  *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c.  The new regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. §§ 404.1520c(a), 416.920c(a).  Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b).  The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding"

ORDER - 18

(including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Supportability and consistency are explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2). The ALJ may, but is not required to, explain how the other factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs

ORDER - 19

(c)(3) through (c)(5)" were considered.  20 C.F.R. §§ 404.1520c(b)(3),

416.920c(b)(3).

The parties disagree over whether Ninth Circuit case law continues to be controlling in light of the amended regulations, specifically whether the "clear and convincing" and "specific and legitimate" standards still apply.  ECF No. 15 at 14; ECF No. 16 at 7-10.  "It remains to be seen whether the new regulations will meaningfully change how the Ninth Circuit determines the adequacy of [an] ALJ's reasoning and whether the Ninth Circuit will continue to require that an ALJ provide 'clear and convincing' or 'specific and legitimate reasons' in the analysis of medical opinions, or some variation of those standards."  *Gary T. v. Saul*, No. EDCV 19-1066-KS, 2020 WL 3510871, at *3 (C.D. Cal. June 29, 2020) (citing *Patricia F. v. Saul*, No. C19-5590-MAT, 2020 WL 1812233, at *3 (W.D. Wash. Apr. 9, 2020)).  "Nevertheless, the Court is mindful that it must defer to the new regulations, even where they conflict with prior judicial precedent, unless the prior judicial construction 'follows from the unambiguous terms of the statute and thus leaves no room for agency discretion.'"  *Gary T.,* 2020 WL 3510871, at *3 (citing *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Services*, 545 U.S. 967, 981-82 (2005); *Schisler v. Sullivan*, 3 F.3d 563, 567-58 (2d Cir. 1993) ("New regulations at variance with prior judicial precedents are upheld

ORDER - 20

1  unless 'they exceeded the Secretary's authority [or] are arbitrary and

2  capricious.'").

3      There is not a consensus among the district courts as to whether the "clear

4  and convincing" and "specific and legitimate" standards continue to apply.  *See,*

5  *e.g.*, *Kathleen G. v. Comm'r of Soc. Sec.*, 2020 WL 6581012, at *3 (W.D. Wash.

6  Nov. 10, 2020) (applying the specific and legitimate standard under the new

7  regulations); *Timothy Mitchell B., v. Kijakazi*, 2021 WL 3568209, at *5 (C.D. Cal.

8  Aug. 11, 2021) (stating the court defers to the new regulations); *Agans v. Saul*,

9  2021 WL 1388610, at *7 (E.D. Cal. Apr. 13, 2021) (concluding that the new

10  regulations displace the treating physician rule and the new regulations control);

11  *Madison L. v. Kijakazi*, No. 20-CV-06417-TSH, 2021 WL 3885949, at *4-6 (N.D.

12  Cal. Aug. 31, 2021) (applying only the new regulations and not the specific and

13  legitimate nor clear and convincing standard).  This Court has held that an ALJ did

14  not err in applying the new regulations over Ninth Circuit precedent, because the

15  result did not contravene the Administrative Procedure Act's requirement that

16  decisions include a statement of "findings and conclusions, and the reasons or basis

17  therefor, on all the material issues of fact, law, or discretion presented on the

18  record."  *See, e.g., Jeremiah F. v. Kijakazi*, No. 2:20-CV-00367-SAB, 2021 WL

19  4071863, at *5 (E.D. Wash. Sept. 7, 2021).   Nevertheless, it is not clear that the

20

Court's analysis in this matter would differ in any significant respect under the specific and legitimate standard set forth in *Lester*, 81 F.3d at 830-31.

### 1. Dr. Bowes

On June 18, 2018, Dr. Bowes, an examining source, rendered an opinion on Plaintiff's functioning.  Tr. 502-11.  Dr. Bowes diagnosed Plaintiff with panic disorder and schizoaffective disorder, bipolar type-currently depressed, severe.  Tr. 505.  Dr. Bowes opined Plaintiff has moderate limitations in her ability to understand, remember, and persist in tasks by following very short and simple instructions, make simple work-related decisions, be aware of normal hazards and take appropriate precautions, and ask simple questions or request assistance; marked limitations in her ability to learn new tasks, perform routine tasks without special supervision, adapt to changes in a routine work setting, communicate and perform effectively in a work setting, maintain appropriate behavior in a work setting, and set realistic goals and plan independently; and severe limitations in her ability to understand, remember, and persist in tasks by following detailed instructions, perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision, and complete a normal workday/workweek without interruptions from psychologically based symptoms.  Tr. 505-06.  Dr. Bowes opined Plaintiff's overall severity is marked,

and her limitations are expected to last 12 to 18 months with treatment.  Tr. 506.

The ALJ found Dr. Bowes' opinion is not fully persuasive.  Tr. 22.

First, the ALJ found Dr. Bowes' opinion was not supported by her own

examination findings.  *Id.*  Supportability is one of the most important factors an

ALJ must consider when determining how persuasive a medical opinion is.  20

C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  The more relevant objective evidence

and supporting explanations that support a medical opinion, the more persuasive

the medical opinion is.  20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).  The ALJ

found Dr. Bowes' opinion that Plaintiff has marked and severe limitations is

inconsistent with her examination findings.  Tr. 22.  On examination, Plaintiff had

normal appearance, speech, thoughts, orientation, memory, concentration, abstract

thought, insight, and judgment.  Tr. 505-07.  Plaintiff also had dysphoric mood, flat

affect, impaired fund of knowledge, and altered perception, which Dr. Bowes

noted as "ongoing difficulty with reality testing," including delusional beliefs and

auditory hallucinations.  Tr. 507.  However, Dr. Bowes did not document any

clinical observations of Plaintiff experiencing delusions or hallucinations, and she

noted in the interview Plaintiff "reported difficulties with reality testing at times."

Tr. 503, 507.  The ALJ reasonably found Dr. Bowes' opinion was inconsistent with

her examination findings.

ORDER - 23

Second, the ALJ found Dr. Bowes did not review any outside records when rendering her opinion. Tr. 22. A medical source's familiarity with the other evidence in the claim is a relevant consideration in determining the persuasiveness of an opinion. 20 C.F.R. §§ 404.1520c(5), 416.920c(5). Dr. Bowes noted that she did not review any records before rendering her opinion. Tr. 502. The ALJ reasonably found Dr. Bowes' opinion less persuasive because Dr. Bowes did not review any records.

Third, the ALJ found Dr. Bowes' opinion was inconsistent with the record as a whole, including the objective evidence and Plaintiff's self-report. Tr. 22. Consistency is one of the most important factors an ALJ must consider when determining how persuasive a medical opinion is. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The more consistent an opinion is with the evidence from other sources, the more persuasive the opinion is. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). The ALJ found Dr. Bowes' opinion that Plaintiff had marked to severe limitations was inconsistent with Plaintiff's generally benign presentation at appointments, including observations of normal mood, affect, thought process, and orientation. Tr. 22 (citing, e.g. Tr. 332, 342, 345, 527, 535, 32, 547, 657). Plaintiff generally denied psychosis, and providers generally did not observe psychotic symptoms during appointments. Tr. 22 (citing, e.g., Tr. 338, 567, 576). Plaintiff also reported that she works well with others, and had good relationships with

ORDER - 24

supervisors, authority figures, and coworkers.  Tr. 22 (citing Tr. 320).   Plaintiff

argues the cited records are not inconsistent with Dr. Bowes' opinion, and notes

that all the cited records occurred after Dr. Bowes' evaluation and opinion.  ECF

No. 15 at 16.  The ALJ also discussed multiple records from appointments prior to

Dr. Bowes' evaluation, which also document largely normal findings.  Tr. 22

(citing, e.g., Tr. 363, 391, 493).  The ALJ's finding that Dr. Bowes' opinion is

inconsistent with the record as a whole is supported by substantial evidence.

### 2. Dr. Mansfield-Blair

On October 27, 2018, Dr. Mansfield-Blair, a consultative examiner,

rendered an opinion on Plaintiff's functioning.  Tr. 319-24.  Dr. Mansfield-Blair

diagnosed Plaintiff with unspecified depressive disorder and a rule out diagnosis of

schizoaffective disorder, bipolar type.  Tr. 323.  Dr. Mansfield-Blair opined

Plaintiff would have difficulty performing detailed and complex tasks, she would

have difficulty dealing with the usual stress encountered in the workplace, and the

likelihood of whether she would have difficulty maintaining regular attendance and

completing a normal workday/workweek is primarily dependent on the degree to

which she remains compliant with treatment; Dr. Mansfield-Blair otherwise opined

Plaintiff would not have difficulty in the other areas of functioning.  Tr. 323-24.

The ALJ found Dr. Mansfield-Blair's opinion was not persuasive.  Tr. 23.

First, the ALJ found Dr. Mansfield-Blair's opinion was inconsistent with the objective evidence. *Id.* Supportability is one of the most important factors an ALJ must consider when determining how persuasive a medical opinion is. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The more relevant objective evidence and supporting explanations that support a medical opinion, the more persuasive the medical opinion is. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The ALJ found that Dr. Mansfield-Blair's opinion is not fully supported by her own mental status examination and is not consistent with the treatment records which document largely normal mental status findings. Tr. 23. Dr. Mansfield-Blair's examination noted Plaintiff had normal appearance, attitude, behavior, speech, current thoughts, mood, affect, and concentration, though Plaintiff reported having abnormal thoughts at other times, and she had some errors on memory, calculations, and fund of knowledge testing. Tr. 322-23. While Dr. Mansfield-Blair opined Plaintiff would have difficulty dealing with the usual stress encountered in the workplace due to the minimally adequate level of distress tolerance demonstrated during the exam, Plaintiff was able to adequately perform many of the tasks on examination. Tr. 322-23. Plaintiff also was able to perform most tasks and had normal memory and concentration at Dr. Bowes' examination. Tr. 507. As discussed *supra*, the ALJ's finding that the treatment records largely document minimal psychological

ORDER - 26

abnormalities is supported by substantial evidence.  The ALJ reasonably found Dr.

Mansfield-Blair's opinion was inconsistent with the objective evidence.

Second, the ALJ found Dr. Mansfield appeared to rely too heavily on

Plaintiff's self-report.  Tr. 23.  As supportability is one of the most important

factors an ALJ must consider when determining how persuasive a medical opinion

is, 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2), a medical provider's reliance on

a Plaintiff's unsupported self-report is a relevant consideration when determining

the persuasiveness of the opinion.  The ALJ noted Dr. Mansfield-Blair reviewed

minimal records, and her examination results were generally normal, and thus Dr.

Mansfield-Blair appears to have relied too heavily on Plaintiff's self-report.  Tr.

23.  Dr. Mansfield-Blair reported that she reviewed Plaintiff's disability reports

and did not review any other records.  Tr. 319.  During Dr. Mansfield-Blair's

examination, Plaintiff had normal appearance, attitude, behavior, speech, thoughts,

mood, affect, and concentration.  Tr. 321-23.  While Plaintiff had some

abnormalities on examination, including not knowing the day of the week, and not

being able to complete some memory, calculation, and fund of knowledge

questions, Plaintiff was able to perform some of the tasks, including recalling three

of three times after a delay, spelling "world" backward and forward, and recalling

long-term information.  Tr. 322.  Given the minimal objective evidence on which

ORDER - 27

Dr. Mansfield-Blair could rely, the ALJ reasonably found she relied too heavily on Plaintiff's self-report.

Further, Plaintiff has not demonstrated any harmful error in the ALJ's rejection of Dr. Mansfield-Blair's opinion. While she opined Plaintiff would have difficulty dealing with the usual stress encountered in the workplace, Dr. Mansfield-Blair also opined Plaintiff would not have difficulty performing work activities on a consistent basis, which indicates that despite the difficulty dealing with stress, Dr. Mansfield-Blair's opinion was that Plaintiff could sustain work full-time. Tr. 324. Thus, any error in rejecting Dr. Mansfield-Blair's opinion would be harmless. *See Molina,* 674 F.3d at 1115.

*3. Dr. Lewis and Dr. Gardner*

On November 20, 2018, Dr. Lewis, a State agency psychological consultant, opined that Plaintiff has no more than moderate limitations, she is capable of performing one to three step tasks, she would perform best in a setting with little to no changes in the environment or duties, and she is unable to travel using public transportation. Tr. 73-74. On January 18, 2019, Dr. Gardner affirmed Dr. Lewis' opinion. Tr. 88-89. The ALJ found Dr. Lewis and Dr. Gardner's opinions were somewhat persuasive. Tr. 23.

The ALJ found Dr. Lewis and Dr. Gardner's opinions were generally consistent with the evidence, but greater restrictions in interactions and a

ORDER - 28

restriction related to public transportation were supported by the evidence. *Id.*
Plaintiff argues the ALJ erred by failing to account for the opinion that Plaintiff is
limited to one to three-step tasks. ECF No. 15 at 19. However, the ALJ limited
Plaintiff to simple, routine tasks of no more than reasoning level two, which
accounts for the limitation, as argued by Defendant. Tr. 20; *see* ECF No. 16 at 15
(citing *Kaitlyn B. v. Comm'r of Soc. Sec.,* No. C20-5963-SKV, 2021 WL
2432324, at *5 (W.D. Wash. June 15, 2021); *Howard v. Saul*, 2020 WL
7490378, at *3 (D. Nev. Dec. 18, 2020); *Ray v. Comm'r of Social Sec. Admin.,*
2019 WL 77432, at *1 (W.D. Wash. Jan. 2, 2019); *Bannister v. Colvin*, 2016 WL
5141722, at *5 (W.D. Wash. Sep. 21, 2016); *Pharris v. Astrue*, 2011 WL 3882508,
at *12 (E.D. Cal. Sep. 2, 2011)). The ALJ also accounted for the limitation of little
to no changes by limiting Plaintiff to simple, routine, reasoning level two work,
and only superficial contact with others. Tr. 20, ECF No. 16 at 15-16. Plaintiff did
not provide a response to Defendant's argument. Thus, Plaintiff has not
demonstrated that the ALJ erred by failing to account for Dr. Lewis and Dr.
Gardner's opinions, and has not demonstrated that any error would be harmful.
Plaintiff is not entitled to remand on these grounds.

**C. Lay Opinion Evidence**

Plaintiff contends the ALJ erred in his consideration of the lay opinions of
Lourdes Rodriguez, an SSI facilitator, and Nona Miller, Plaintiff's mother. ECF

No. 15 at 20-21. An ALJ is not required to articulate how he considered evidence from nonmedical sources under the new regulations. *See* 20 C.F.R. §§ 404.1520c(d), 416.920c(d). However, some courts have found that the new regulation "does not eliminate the need for the ALJ to articulate his consideration of lay-witness statements and his reasons for discounting those statements." *Joseph M.R. v. Comm'r of Soc. Sec.*, 3:18-cv-01779-BR, 2019 WL 4279027, at \*12 (D. Or. Sept. 10, 2019). Neither party addresses the new regulations as they apply to nonmedical sources.

Here, even if no longer required to do so, the ALJ provided a germane reason to reject Ms. Miller's statements. The ALJ found that Ms. Miller's statement was not persuasive, because while Ms. Miller stated Plaintiff has impaired attention, struggles with personal care, and is "almost non-verbal," Ms. Miller's statements were inconsistent with the treatment records, which document Plaintiff's generally normal speech and grooming, and unremarkable presentation. Tr. 23. Inconsistency with the medical evidence is a germane reason for rejecting lay witness testimony. *See Bayliss*, 427 F.3d at 1218; *Lewis v. Apfel*, 236 F.3d 503, 511-12 (9th Cir. 2001) (germane reasons include inconsistency with medical evidence, activities, and reports). Plaintiff argues the records are consistent with Ms. Miller's statements, because she described assisting Plaintiff with her hygiene and activities. ECF No. 15 at 21. However, Plaintiff reported she is independent

in her personal care and chores, although her mother provides encouragement.  Tr. 242-43, 321.  This was a germane reason to reject Ms. Miller's statement.

The ALJ also addressed Ms. Rodriguez's statement, which is a checkbox form documenting no abnormalities during the interview completed with Plaintiff. Tr. 23, 239.  The ALJ found Ms. Rodriguez's statement was partially persuasive. Tr. 23.  Plaintiff argues the ALJ erred in affording any weight to Ms. Rodriguez's statement, and argues her statement is comparable to a Single Decision Maker's finding.  ECF No. 15 at 20.  Plaintiff does not cite to any case law to support the argument that an ALJ errors in considering the statements of an SSI facilitator. Further, the SSI facilitator is an employee of DSHS and not Social Security, and thus does not have a similar role to a Social Security Single Decision Maker.  *See* Tr. 239-40 (document labeled "Statement of Claimant or Other Person . . . from Lourdes Rodriguez - DSHS SSIF").  As such, the ALJ did not error in considering Ms. Rodriguez's statement.  Plaintiff is not entitled to remand on these grounds.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

ORDER - 31

2. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED February 23, 2022.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 32